70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lockhart, Plaintiff-Appellant,
v.
UNITED STATES of America, Donna Shalala, in her individual
and official capacities as Secretary of the Department of
Health and Human Services, and June Gibbs Brown, in her
individual and official capacities as Inspector General of
the Department of Health and Human Services, Defendants-Appellees.
 No. 95-35179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Nov. 29, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Lockhart appeals the district court's Order dismissing his complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Lockhart contends that the district court erred in dismissing his complaint because: (1) the Federal Tort Claims Act ("FTCA") allows novel claims, and (2) the applicable statute of limitation period was tolled. We affirm.
 
 Factual and Procedural Background
 
 3
 Lockhart was employed by the U.S. Oil and Refining Company from June 1979 to May 14, 1981 when he was placed on sick leave. Lockhart's employment was subsequently terminated for an alleged disability on December 16, 1981. Lockhart was unable to find work and applied for Social Security disability benefits on May 3, 1982. His application was denied on October 7, 1983 when he was found "not disabled." Following the United States Supreme Court's decision in Bowen v. City of New York, 476 U.S. 467 (1986), Lockhart's claim was reevaluated. On December 9, 1986 he was notified that he was eligible for benefits. Lockhart received benefits retroactively from the date of his initial application.
 
 
 4
 On March 18, 1993 Lockhart filed an administrative claim with the Department of Health and Human Services ("DHHS") under the FTCA, 28 U.S.C. Sec. 1346(b). He alleged that the DHHS deprived him of his property interest in employment when the Secretary attributed a mental disability to him. Lockhart claimed $3,008,493.80 in damages. On September 27, 1993 Lockhart's claim was denied on the following grounds: (1) there was no evidence that the alleged injury was due to an act or omission of a federal employee, (2) the Social Security Act, 42 U.S.C. Sec. 405(h), barred his claim under the FTCA, and (3) his claim was time barred under 28 U.S.C. Sec. 2401(b). Lockhart filed a request for reconsideration on October 18, 1993 which was denied on April 22, 1994.
 
 
 5
 Lockhart's complaint was filed in the district court on October 18, 1994. He alleged, inter alia, that the Secretary negligently determined him to be disabled. On October 27, 1994 the district court ordered Lockhart to show cause why his complaint should not be dismissed because: (1) 42 U.S.C. Sec. 405(h) bars recovery under the FTCA, and (2) Lockhart's claim was time barred under 28 U.S.C. Sec. 2401(b). After reviewing Lockhart's response, the district court dismissed his complaint as frivolous under 28 U.S.C. Sec. 1915(d). Lockhart now appeals.
 
 Background Law
 
 6
 28 U.S.C. Sec. 1915 allows a litigant to commence a federal court action in forma pauperis by filing an affidavit stating that he or she is unable to afford the costs of the lawsuit. Sec. 1915(a). To prevent abusive lawsuits by litigants who have little economic incentive to refrain from filing suit, a district court may dismiss an in forma pauperis complaint "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Sec. 1915(d). A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.
 
 
 7
 We review a Sec. 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). In reviewing a dismissal, the Supreme Court has instructed us to consider: (1) whether the plaintiff is proceeding pro se, (2) whether the district court inappropriately resolved genuine issues of disputed fact, (3) whether the district court applied erroneous legal conclusions, (4) whether the district court has provided a statement explaining the dismissal that facilitates appellate review, and (5) whether the dismissal was with or without prejudice. Id. at 34.
 
 Discussion
 
 8
 1. Is the Plaintiff Proceeding Pro Se?
 
 
 9
 Lockhart is proceeding pro se. We recognize that pro se litigants face many obstacles in bringing a successful claim in federal court. Therefore, we will carefully scrutinize the dismissal to determine if the district court abused its discretion.
 
 
 10
 2. Did the District Court Inappropriately Resolve Genuine Issues of Disputed Fact?
 
 
 11
 The district court did not inappropriately resolve genuine issues of disputed fact. Rather, the district court dismissed Lockhart's claim because it has no basis in law.
 
 
 12
 3. Did the District Court Apply Erroneous Legal Conclusions?
 
 
 13
 The district court did not apply erroneous legal conclusions. While the basis for the district court's dismissal is not clear from the November 29, 1994 Order, we believe the district court dismissed Lockhart's claim on the two grounds set forth in the October 27, 1994 Order to Show Cause: (1) that the Social Security Act, 42 U.S.C. Sec. 405(h), bars Lockhart's claim under the FTCA, and (2) that Lockhart's claim is time barred under 28 U.S.C. Sec. 2401(b).
 
 
 14
 The district court correctly determined that 42 U.S.C. Sec. 405(h) bars Lockhart's claim under the FTCA. 42 U.S.C. Sec. 405(h) provides in relevant part: "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." As Lockhart's action was filed under 28 U.S.C. Sec. 1346(b), the Federal Tort Claims Act, the dispositive issue is whether his claim arises under Title II of the Social Security Act.
 
 
 15
 A claim arises under Title II where the Social Security Act provides "both the standing and the substantive basis" for the action. Weinberger v. Salfi, 422 U.S. 749, 761 (1975). We applied this definition in Hooker v. United States Dep't of Health & Human Serv., where we held that claims for damages caused by the Secretary's allegedly tortious determinations "arise under" the Act. 858 F.2d 525, 528-30 (9th Cir.1988). While Hooker involved an allegedly tortious determination that the claimant was not disabled, we see no reason why the result should be different for an allegedly tortious determination of disability. Therefore, since Hooker is controlling, we hold that Lockhart's claim arises under Title II and is barred by Sec. 405(h).[1]
 
 
 16
 The district court also determined that Lockhart's claim is time barred. Because we hold that Lockhart's claim is barred by 42 U.S.C. Sec. 405(h), we do not reach this alternative ground.
 
 
 17
 4. Did the District Court Adequately Explain the Dismissal?
 
 
 18
 The district court adequately explained the dismissal. As noted above, the November 29, 1994 Order did not clearly explain the basis for the dismissal under 28 U.S.C. Sec. 1915(d). Nevertheless, the dismissal, when read in the context of the October 27, 1994 Order to Show Cause, provided adequate guidance to this court.
 
 
 19
 5. Was the Dismissal with or Without Prejudice?
 
 
 20
 The dismissal was without prejudice. See Denton v. Hernandez, 504 U.S. 25, 34 (1992) ("Because a Sec. 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.").
 
 Conclusion
 
 21
 Applying the foregoing five factors, we conclude that the district court did not abuse its discretion in dismissing Lockhart's complaint. Judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of the circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We reject Lockhart's argument that his claim is not frivolous because it is "novel" and therefore permitted under the FTCA. Regardless of whether the FTCA generally allows novel claims, it is clear that no claim may be brought under the FTCA which "arises under" Title II